UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS ORTIZ a/k/a : | |
| CARLOS CAMACHO : | |
| : | PRISONER CASE NO. |
| v. : | 3:01-cv-2172(JCH)(HBF) |
| : | |
| WALTER EICHNER : | NOVEMBER 24, 2003 |

**RULING AND ORDER [DKT. NO. 11]**

The plaintiff, Carlos Camacho, is an inmate who was confined at the Northern Correctional Institution in Somers, Connecticut when he filed this pro se civil rights action pursuant to 28 U.S.C. § 1915. In March 2003, the Department of Correction notified the court that the plaintiff had been discharged from prison.

**I.    Motion to Dismiss**

The plaintiff alleges that on August 12, 1999, the defendant, Walter Eichner, a corrections officer, bit his ear. Pending before the court is a motion to dismiss filed by the defendant. For the reasons that follow, the motion is denied.

**    A.    Standard of Review**

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief

can be granted. See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue [on a motion to dismiss] is not whether a plaintiff is likely to prevail ultimately, but whether the [plaintiff] is entitled to offer evidence to support the claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

    B.    Facts

The court accepts as true the following facts taken from the complaint. On August 12, 1999, the plaintiff picked up a paper bag left by another inmate in the hallway of the plaintiff's cellblock. The defendant ordered the plaintiff to put the bag down, and the plaintiff refused. The defendant walked toward the plaintiff, the plaintiff raised his hand, and the defendant made contact with the plaintiff's hand. The plaintiff told the defendant not to touch him and threw the bag at the defendant. The defendant then ran toward the plaintiff, grabbed him, and bit his ear.

Other officers intervened, and the medical personnel treated the plaintiff's ear.  The plaintiff received a disciplinary report and pleaded not guilty.  A disciplinary hearing officer found the plaintiff guilty, and the plaintiff appealed to the warden.  The warden denied the appeal.  The plaintiff also filed two grievances regarding the incident.  The plaintiff received no response with respect to these grievances.  The plaintiff also filed a claim with the Office of the Claims Commissioner.  The plaintiff seeks monetary damages.

C.    Discussion

The defendant raises one ground in support of his motion to dismiss.  The defendant argues that the court lacks subject matter jurisdiction over the plaintiff's claims because he did not fully exhaust his administrative remedies with regard to his claim before commencing this action.  The plaintiff contends that he has exhausted his remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides: "No action shall be brought with respect to prison conditions under [Section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  The Supreme Court has also held that inmates must exhaust administrative

3

remedies regardless of whether the inmate may obtain the specific form of relief he desires through the administrative process.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  This requirement of complete exhaustion of administrative remedies must be satisfied before a federal action is commenced.  See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (holding that an inmate may not avoid the requirements of 42 U.S.C. § 1997e(a) by exhausting administrative remedies after filing a civil rights action in federal court).

The Second Circuit has recently held that the failure to exhaust administrative remedies is not jurisdictional, see Richardson v. Goord, No. 02-289, 2003 WL 22405378, but rather is an affirmative defense that may be asserted by the defendants; see Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d. Cir. 1999).  The plaintiff claims that he exhausted all of his available remedies.  The plaintiff alleges in his complaint that he filed grievances concerning the use of excessive force by the defendant on August 12, 1999, but received no response to his grievances.  The plaintiff attaches copies of the grievances to his complaint.  The plaintiff does not state whether he appealed the grievances.  At this stage of the proceedings, the court cannot conclude that the plaintiff would not be able to provide evidence of his attempts to exhaust fully his administrative remedies or evidence that the grievance procedure was unavailable to him.  In view of the Second Circuit's holding in Richardson v. Goord, and because the court must accept the plaintiff's allegations as true, the defendant's motion to dismiss on the ground that the plaintiff failed to exhaust his

administrative remedies is denied. The defendant may raise this argument in a motion for summary judgment or at trial.

## II.     PLAINTIFF'S DISCHARGE FROM PRISON

On November 20, 2001, when the plaintiff commenced this action, he was incarcerated at Northern Correctional Institution. On January 23, 2002, the court informed the plaintiff that he must notify the court as well as counsel for the defendants of any change in his address during the litigation of this case. On March 12, 2003, upon the plaintiff's discharge from prison, the Department of Correction forwarded to the court a check for the funds that had been collected towards the payment of the filing fee in this action. On April 10, 2003, a ruling mailed to the plaintiff at Northern Correctional Institution was returned to the court with a notation that the plaintiff had been discharged. The plaintiff has failed to provide the court with an updated address since his discharge from prison. In fact, the plaintiff has failed to take any action in this case or to contact the court since November 14, 2002. Counsel for the defendant has represented to the court that the plaintiff contacted him in February 2003 and informed him of the plaintiff's new address.

Rule 83.1(c)(2) of the Local Rules of Civil Procedure for the District of Connecticut, provides that "[a]ny party appearing *pro se* must give an address within the District of Connecticut where" he or she can be served with motions, pleadings and other

court documents filed in the case.  The court directs the plaintiff to file a written notice of change of address within **twenty days** of the date of this order.  If plaintiff fails to file his written change of address within **twenty days** of the date of this order, the case will be dismissed for failure to prosecute.

## CONCLUSION

The defendants' Motion to Dismiss [**Dkt. No. 11**] is **DENIED**.  The court directs the plaintiff to file a written notice of change of address within **twenty days** of the date of this order.

The Clerk is directed to mail a copy of this ruling to the plaintiff at Open Hearth, 437 Shelton Street, Hartford, Connecticut 06106, in addition to the address on file with the court.

**SO ORDERED.**

Dated in Bridgeport, Connecticut, this 24th day of November, 2003.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge