UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS ORTIZ A/K/A : | |
| CARLOS CAMACHO : | |
| : | PRISONER CASE NO. |
| v. : | 3:01-cv-2172(JCH)(HBF) |
| : | |
| WALTER EICHNER : | DECEMBER 30, 2003 |

## ORDER

On November 20, 2001, when the plaintiff commenced this action, he was incarcerated at Northern Correctional Institution. On January 23, 2002, the court informed the plaintiff that he must notify the court as well as counsel for the defendants of any change in his address during the litigation of this case. On March 12, 2003, upon the plaintiff's discharge from prison, the Department of Correction forwarded to the court a check for the funds that had been collected towards the payment of the filing fee in this action. On April 10, 2003, a ruling mailed to the plaintiff at Northern Correctional Institution was returned to the court with a notation that the plaintiff had been discharged. The plaintiff has failed to provide the court with an updated address since his discharge from prison. In fact, the plaintiff has failed to take any action in this case or contact the court since November 14, 2002.

Counsel for the defendant has represented to the court that the plaintiff contacted him in February 2003. The plaintiff informed counsel that his current address was Open Hearth, 437 Shelton Street, Hartford, Connecticut 06106. Rule 83.1(c)(2) of the Local

Rules (D. Conn.) provides that "[a]ny party appearing *pro se* must give an address within the District of Connecticut where" he or she can be served with motions, pleadings and other court documents filed in the case.

On November 26, 2003, the court denied the defendant's motion to dismiss and directed the plaintiff to file a written notice of change of address within twenty days. The court informed the plaintiff that his failure to filed a change of address notice would result in dismissal of this case for failure to prosecute. The Clerk mailed the court's ruling to the plaintiff at his address on file with the court and to the address provided by counsel for the defendant. The copy of the ruling mailed to the address on file with the court was returned to the court from Northern Correctional Institution marked "discharged." The copy of the ruling mailed to the plaintiff at the address in Hartford was returned to the court marked "RETURN TO SENDER" on December 10, 2003. To date, the plaintiff has made no attempt to contact the court in any way or file a motion in the case. The court concludes that the plaintiff's inaction constitutes a failure to prosecute this case.

Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Johnson v. M. Melnick & Co., Inc., et al., No. 91 CIV. 7961(LAP), 1996 WL 239994, at *2 (S.D.N.Y. May 8, 1996)("Even if a defendant has not moved for such dismissal . . . a court [still] possesses the inherent authority to dismiss sua sponte a case for failure to prosecute [and obey a court's

order].")

If plaintiff wishes to reopen the matter, he must file a motion to reopen pursuant to Rule 60(b), Fed. R. Civ. P. explaining why he has failed to file a notice of change of address. The Clerk is directed to close this case.

**SO ORDERED.**

Dated this 30th day of December, 2003, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge